IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAM K. AGRAWAL, )<br>)<br>Defendant. )<br>_____ ) | Case No. 2:18-cv-504 |

## COMPLAINT

Plaintiff, the United States of America, alleges as follows:

1. This action is brought to collect outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as "FBAR penalties," plus interest, penalties, and fees, which were assessed and accrued against Ram K. Agrawal for his non-willful failure to timely report his financial interest in, and/or his signatory or other authority over, foreign bank accounts for the 2006, 2007, 2008 and 2009 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations.

### Jurisdiction and Venue

2. The United States brings this suit pursuant to the authorization of the Secretary of the Treasury (*see* 31 U.S.C. §§ 3711(g)(4)(C), 5321(b)(2)), and at the direction of the Attorney General of the United States.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355(a) because it arises under a federal statute, the United States is the plaintiff, and the action seeks to recover civil penalties assessed under 31 U.S.C. § 5321(a)(5).

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c)(1), 1395(a) because Agrawal resides in this district.

5. This civil action to collect the FBAR penalties, and the associated interest, penalties, and fees, is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two years of the date on which the FBAR penalties for 2006, 2007, 2008 and 2009 were assessed, April 12, 2016.

**Background Regarding Agrawal's Interests in Foreign Accounts**

6. Defendant Ram K. Agrawal ("Agrawal") was born in India and is a resident alien.

7. Agrawal is married to Meera Agrawal (collectively referred to as "the Agrawals"), who is a U.S. citizen.

8. The Agrawals reside at 4441 West Kiley Avenue, Milwaukee, Wisconsin 53223.

9. Agrawal has a master's degree in geophysics and a master's degree in mathematics. Agrawal currently serves as a professor at Milwaukee Area Technical College.

10. In or around 1980, Agrawal's parents used approximately $820,000 to purchase ten Certificates of Deposit (CDs) that were subsequently gifted to Agrawal. In or around 2003, Agrawal renewed or purchased new CDs at the State Bank of India. Seven of the CDs matured in 2004 and three CDs matured in 2006.

11. In or around September 2004, the Agrawals met with a representative of UBS in Chicago to discuss opening a bank account with UBS, a financial institution with offices in Zurich, Switzerland.

12. On or about September 20, 2004, the Agrawals opened a jointly held numbered account with an account number ending in 4843 by signing and mailing account opening documents to UBS in Zurich, Switzerland ("UBS Account Number 4843").

13. The Agrawals mailed the account opening documents to UBS with a letter directing UBS to invest their funds in "non-US SEC funds, i.e., nontaxable [funds]."

14. The Agrawals instructed UBS to retain all bank correspondence related to UBS Account Number 4843.

15. On or about October 16, 2004, the Agrawals directed UBS how to invest their funds, stating "[o]ur money must be invested in non-US securities." The Agrawals directed their funds be invested in bonds and "global equities emerging funds (excluding U.S.A.)" in a ratio of approximately 20% to 80%, respectively.

16. In or around November 2004, the Agrawals used the proceeds of the seven CDs that matured in 2004 to fund UBS Account Number 4843 in the amount of approximately $405,393.

17. In 2006, the Agrawals directed the State Bank of India to wire the proceeds of the three CDs that matured in 2006 to UBS for deposit into UBS Account Number 4843 in the amount of approximately $416,955.

18. By letter dated March 27, 2009, UBS advised the Agrawals that they should close the account within 45 days and move the money to a U.S.-based financial institution. The Agrawals closed their account over nineteen months later, in November 2010. The Agrawals then deposited the funds from UBS Account Number 4843 into a United States domestic account.

19. Between September 2004 and November 2010, one or both of the Agrawals corresponded with UBS representatives in person or by mail, e-mail and telephone regarding UBS Account Number 4843. Between September 2004 and November 2010, the Agrawals directed UBS how to invest their funds and UBS implemented the Agrawals' instructions.

3

20. The balance of the UBS Account Number 4843 exceeded $10,000 in each of the calendar years 2006, 2007, 2008 and 2009.

21. Prior to 2011, the Agrawals were required to, but did not, file an FBAR form disclosing their financial interest in, and/or signatory or other authority over, UBS Account Number 4843 or the CDs held at the Bank of India to the United States Treasury or the Internal Revenue Service.

22. Throughout the calendar years 2006, 2007, 2008 and 2009, Agrawal was a resident alien residing in Wisconsin and/or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.[1]

23. Throughout the calendar years 2006, 2007, 2008 and 2009, UBS Account Number 4843 was a bank account in a foreign country.

24. From the date of opening UBS Account Number 4843 through and including the entirety of calendar years 2006, 2007, 2008 and 2009, Agrawal had a financial interest in, and/or signatory or other authority over, UBS Account Number 4843.

25. From the date of opening UBS Account Number 4843 through and including the entirety of calendar years 2006, 2007, 2008 and 2009, Agrawal was aware of his financial interest in, and/or signatory or other authority over, UBS Account Number 4843.

26. Prior to and throughout calendar years 2006, 2007, 2008 and 2009, Agrawal made all investment decisions with respect to the funds in UBS Account Number 4843.

**Judgment Against Agrawal for Civil Penalties Pursuant to 31 U.S.C. § 5321(a)(5)**

---

[1] The Regulations implementing the FBAR statute, 31 U.S.C. § 5314 were renumbered effective March 28, 2011 with respect to all reports due for foreign financial accounts maintained in calendar year 2010 and later. The updated regulations may be found at 31 C.F.R. §§ 1010.300 et seq. Prior to renumbering, the regulations effective for the calendar years at issue herein were found at 31 C.F.R. §§ 103.24, 103.27 and 103.32.

27. The United States incorporates the allegations in paragraphs 1 through 26 above.

28. During calendar years 2006, 2007, 2008 and 2009, the aggregate maximum account balance in UBS Account Number 4843 exceeded $907,000, $996,000, $945,000, and $670,000, respectively.

29. Agrawal was required to timely file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly know as an FBAR, by June 30 of the year following each calendar year in issue, reporting his financial interest in, and/or his signatory or other authority over, the UBS Account Number 4843. *See* 31 C.F.R. § 1010.306(c), 1010.350(a) (formerly 31 C.F.R. §§ 103.24(a), 103.27(c) (2010)).

30. On all U.S. federal income tax returns filed by the Agrawals through and including the federal income tax return for 2009, the Agrawals failed to report any income from UBS Account Number 4843 and the CDs that funded it. On the Schedules B of those returns, the Agrawals reported that they had no interest in, nor any authority over, any foreign financial accounts.

31. Agrawal failed to timely file an FBAR for the calendar years 2006, 2007, 2008 and 2009 disclosing his financial interest in, and/or his signatory or other authority over, UBS Account Number 4843, despite being required to do so by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

32. On April 19, 2013, June 16, 2014, May 27, 2015, and December 18, 2015, Agrawal consented, in writing, to extensions of time within which to assess penalties under 31 U.S.C. § 5321 through June 30, 2016 for the 2006, 2007 and 2008 calendar years.

33. On April 12, 2016, in accordance with 31 U.S.C. §§ 5321(a)(5)(B)(i) and 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed a civil penalty against

Agrawal in the amount of $10,000 for each of the calendar years 2006, 2007, 2008 and 2009 due to Agrawal's failure to timely and properly disclose UBS Account Number 4843 ("the FBAR penalties").

34. A delegate of the Secretary of the Treasury sent Agrawal notice of the assessment of the 2006, 2007, 2008 and 2009 FBAR penalties and demand for payment.

35. Agrawal has not fully paid the outstanding FBAR penalties described in paragraph 33.

36. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Agrawal's unpaid FBAR penalties. Pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Agrawal's failure to pay a lawful debt owed to the United States. Pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Agrawal to cover collection-related costs of processing and handling his outstanding FBAR penalty liabilities.

37. As of March 15, 2018, the outstanding balance owed by Agrawal is $42,743.01. This amount includes assessed but unpaid FBAR penalties, as well as accruals pursuant to 31 U.S.C. § 3717 (i.e., prejudgment interest, failure to pay penalties, and collection-related costs).

38. In addition to the $42,743.01, the United States is entitled to recover the additional penalty, interest, and any collection-related costs that accrue on that amount.

WHEREFORE, plaintiff the United States of America respectfully requests that this Court:

(a) Enter judgment on in favor of plaintiff United States of American and against defendant Ram K. Agrawal, for the FBAR penalties assessed against Ram K. Agrawal with regard to the 2006, 2007, 2008 and 2009 calendar years, in the total assessed amount of

$42,743.01 as of March 15, 2018, as well as associated interest, penalties, and fees, plus statutory accruals until fully paid; and

(b) Award the United States of America its costs, and such other and further relief as the Court deems just and proper.

Dated: March 30, 2018

MATTHEW D. KRUEGER
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s Erin R. Hines*
ERIN R. HINES
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-514-6619 (v)
202-514-6770 (f)
Erin.R.Hines@usdoj.gov

# CIVIL COVER SHEET

JS 44 (Rev. 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required): ☐ Green Bay Division ☒ Milwaukee Division

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Ram K. Agrawal

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Milwaukee
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Erin R. Hines, U.S. Department of Justice, Tax Division, PO Box 7238
Washington, DC 20044; (202) 514-6619; Erin.R.Hines@usdoj.gov

Attorneys *(If Known)*
None known

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☒ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC § 5321(a)(5)

Brief description of cause:
Penalties for Failure to Report Foreign Accounts

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 42,743.01

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/30/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Erin R. Hines

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 2:18-cv-00504-NJ   Filed 03/30/18   Page 1 of 2   Document 1-1

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use
  (b) **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
  (c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here. United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV. **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V. **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

|  |  |  |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) | Civil Action No. |
| | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*STEPHEN C. DRIES, CLERK OF COURT*

Date: _____   _____
                                                            *Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons and the attached complaint for *(name of individual and title, if any)*:
_____

were received by me on *(date)* _____ .

☐ I personally served the summons and the attached complaint on the individual at *(place)*:
_____
_____ on *(date)* _____ ; or

☐ I left the summons and the attached complaint at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons and the attached complaint on *(name of individual)* _____

who is designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*: _____
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____
                                                                *Server's signature*

                                                                *Printed name and title*

                                                                *Server's address*

Additional information regarding attempted service, etc.: